In the Matter of the Estate of GEORGE E. DOBSON, Deceased.

Surrogate's Court, New York County, October 15, 1928.

*Brower, Brower & Brower* [*John H. Schmid* and *Allen S. Wrenn* of counsel], for the petitioner.

*Powers & Kaplan* [*David A. Ticktin* of counsel], for the contestant.

*Hutton & Holahan,* for George Dobson, 3d.

*Jules H. Baer,* for Eugenie Dobson.

O'BRIEN, S. During an examination by contestant of the widow of decedent before trial of a contested will case, questions arose as to the proper limits to be placed upon the scope of contestant's examination. Undue influence and fraud are among the issues raised. Both of these issues concededly involve much difficulty in the proving and it is generally recognized that *a wide latitude should be permitted the examining party.* This examination has not been conducted before the court and the questions have been raised at the very outset of the examination, so that the court has not the aid usually afforded by the State of a record already developed and is requested to forecast a record of which he knows but little. Under the circumstances, therefore, the direction given opposing counsel can be but general in its terms. Having in mind particularly

(1) that this examination is held in private and (2) that the taking of testimony and the admission of various questions and answers do not necessarily mean that all such questions will be allowed upon the trial of the contest, the court's ruling and direction will be as follows: (1) The objection to the last question asked is over-ruled; (2) the widest possible scope will be permitted to the examiner; (3) he may examine into the disparity of the ages of decedent and his last wife, the circumstances surrounding their marriage, the representations made by decedent's wife before said marriage as to her antecedents, when and where she previously lived and under what name; when and where she was previously married if there was a prior marriage; when and where a divorce was secured if any; and finally into the facts and circumstances surrounding any prior marriages ceremonial or common-law. (*Matter of Anna*, 248 N. Y. 421; *Matter of Van Ness*, 78 Misc. 592; *People* v. *Sexton*, 187 N. Y. 495.) Let the examination proceed on Monday, October fifteenth, at which time the court will be available should any situation arise wherein rulings may be required on questions not covered by above.